**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

ANDREA GRAJEDA, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.

VERIFIED MOVING PROS, LLC, and
DONALD LINA, individually

    Defendants
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDREA GRAJEDA ("Plaintiff") on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, VERIFIED MOVING PROS, LLC ("Verified Moving") and DONALD LINA ("Lina") (collectively "Defendants") for their failure to pay federal overtime wages to all sales and/or customer service representatives, and alleges the following:

**INTRODUCTION**

1. Defendants misclassified Plaintiff and all other similarly situated individuals as independent contractors to avoid federal overtime wage obligations under the Fair Labor Standards Act ("FLSA"). As a result of this intentional and willful misclassification, Defendants deprived Plaintiff and dozens of other employees of federal overtime wages during the course of the previous three (3) years. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to

recover all overtime wages that Defendants refused to pay Plaintiff and all other similarly situated employees as a result of Defendants' misclassification of sales and/or customer service representatives.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, Verified Moving, was a Florida for-profit limited liability company located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant Verified Moving is headquartered at 621 NW 53rd St., Suite 125, Boca Raton, FL 33487.

5. Defendant Donald Lina was the owner, operator, registered agent and managing member of Verified Moving, and operated the company in Fort Lauderdale, Florida, during all times material hereto.

6. Plaintiff worked for Defendants at their office located at 1001 NW 62nd St., Suite 405, Ft. Lauderdale, FL 33309.

7. During all times material hereto, Defendant, Verified Moving, was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

8. Defendant Verified Moving was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9. Plaintiff worked for Defendants at their office located at 1001 NW 62nd St. Suite 405, Ft. Lauderdale, FL 33309.

10. During all times material hereto, Defendant, Donald Lina, was also vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

11. During all times material hereto, Defendant, Donald Lina, managed and controlled the operations of Verified Moving on a daily basis.

12. Defendant, Donald Lina, supervised Plaintiff and all other similarly situated employees at Defendants' office located at 1001 NW 62nd St., Suite 405, Ft. Lauderdale, FL 33309 during all times pertinent to the allegations herein.

13. Defendant, Donald Lina, was vested with control and decision-making authority over Defendant, Verified Moving's pay practices – including over the pay practices that gave rise to this Collective Action Complaint – during all time periods material hereto.

14. Accordingly, Defendant, Donald Lina, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

15. Defendants were Plaintiff's joint employer at all times material hereto, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

16. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

17. Defendants regularly transact business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

18. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

19. Defendants' business operations are designed to: "reduce and further remove any potential risk associated with hiring a moving company." https://verifiedmovers.com/about-us/ (last visited August 5, 2022).

20. Defendants claim that they help customers to prevent bad moving experiences. Defendants also purport to provide recommendations for the best moving companies. https://verifiedmovers.com/about-us/ (last visited August 5, 2022).

21. Defendants hired Plaintiff to work for them as a sales representative employee at their call center in Fort Lauderdale, Florida, on or about May 31, 2022.

22. Defendants paid Plaintiff $500 per week plus $25 per sale.

23. In total, Plaintiff, on average, earned approximately $600 per week.

24. Plaintiff's duties as a sales representative included, but were no limited to, customer service duties, making outbound calls from Defendants' automatic dialer, following sales scripts, responding to emails, texting Defendants' customers about their products, taking inventory, etc.

25. From on or around June 22, 2022 – August 1, 2022, Plaintiff worked for Defendant as a customer service representative.

26. Plaintiff earned a flat $700 per week as a customer service representative.

27. Plaintiff's duties as a customer service representative included, but were not limited to, answering inbound calls, following scripts, responding to emails, speaking with carriers, helping to plan company events, etc.

28. On or about August 2, 2022, Plaintiff returned to the sales representative position, and returned to performing the accompanying duties and responsibilities of that position.

29. Plaintiff worked approximately 6-days per week during her employment period.

30. Moreover, Plaintiff worked on average approximately 48-55 hours per week during all times material hereto.

31. Defendants set Plaintiff's hours, required Plaintiff to adhere to a strict work schedule, controlled the way Plaintiff performed her job, provided Plaintiff with all of the materials she used to do her job, required Plaintiff to undergo training and otherwise closely oversaw the manner in which Plaintiff performed her job on a daily basis.

32. Regardless of whether she performed work as a sales representative or a customer service representative, Defendants misclassified Plaintiff and all other similarly situated employees as independent contractors (instead of correctly classifying them as an employees) to avoid tax liabilities and federal overtime wage obligations.

33. Defendants refused to pay Plaintiff and all other similarly situated individuals overtime wages when they worked more than forty (40) hours in a workweek. This is despite Defendants exercising significant control over the nature and degree of the work performed by Plaintiff, and despite Plaintiff holding primary duties and responsibilities which are non-exempt.

34. Moreover, the economic reality of Plaintiff's relationship with Defendants demonstrates that she was economically dependent upon Defendants for her work. Defendants schedule Plaintiff to work for them on a weekly basis.

35. Furthermore, Plaintiff used company equipment to communicate with Defendants and their customers. Plaintiff was not required to invest a substantial amount of equipment or materials to perform her job for Defendants.

36. In addition, Plaintiff did not have an opportunity for profit or loss outside of her working relationship with Defendants.

37. Also, Defendants did not require Plaintiff to possess any special skills that would outweigh any other factor in determining that she was Defendants' employee as opposed to independent contractor.

38. Plaintiff's duties and responsibilities for Defendants was integral to Defendants' business and operations.

39. During the relevant time period, Defendants failed to comply with the record-keeping requirements under FLSA.

40. Plaintiff's last day working for Defendants was on or about August 5, 2022.

## **FLSA COVERAGE**

41. Defendant, Verified Moving, is covered under the FLSA through enterprise coverage, as Verified Moving was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, Defendant, Verified Moving, engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Verified Moving's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

42. During her employment with Defendant, Verified Moving, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, etc.

43. Defendant, Verified Moving, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant, Verified Moving's business an enterprise covered by the FLSA.

44. Verified Moving is expected to gross in excess of $500,000.00 in the year 2022.

45. During her employment with Defendants, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently spoke with Defendants' customers who resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendants' customers and potential customers outside of Florida during her employment period.

46. During her employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

47. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against all Defendants)**

48. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 47 as though set forth fully herein.

49. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

50. Defendants refused to pay Plaintiff and all other similarly situated employees one-and-one-half times their regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

51. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

> **Any and all sales representative and/or customer service representatives who were classified as independent contractors and were not paid overtime wages at any time during the previous three (3) years**.

52. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her employment.

53. Defendants willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

54. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

55. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANDREA GRAJEDA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, VERIFIED MOVING PROS, LLC and DONALD LINA, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANDREA GRAJEDA, demands a trial by jury on all appropriate claims.

**Dated: August 8, 2022**

    Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 8, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**