UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61471-CIV-DIMITROULEAS/HUNT

ANDREA GRAJEDA, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

VERIFIED MOVING PROS, LLC, and
DONALD LINA, individually,

        Defendants
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Verified Motion for Attorney's Fees and Costs against Defendants Verified Moving Pros, LLC, and Donald Lina.  ECF No. 80. In this motion Plaintiff Andrea Grajeda is joined by opt-in Plaintiffs Alexandrea Jordan, Christela Bianca Faustin, Donovan Leonard, Trang Long, Bryan Robert, Nicholas de Freitas, Javier Alexander Paulino-Pena, and Amber Ashley Lee ("Plaintiffs").  ECF No. 80.  The Honorable William P. Dimitrouleas referred this Motion to the undersigned for a report and recommendation.  ECF No. 81, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Defendants have not responded to or otherwise answered Plaintiffs' motion for fees and costs.  Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be GRANTED IN PART AND DENIED IN PART for the reasons outlined below.

## BACKGROUND

In their complaint, Plaintiffs alleged one count for relief under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §216(b), contending Defendants misclassified Plaintiffs to avoid federal overtime wage obligations.  ECF No. 1.  Plaintiffs moved for summary judgment, which the Court granted in favor of most of the Plaintiffs[1] with a condition that it would enter final judgment after the conclusion of a jury trial on damages for the remaining opt-in Plaintiffs.  ECF No. 72.  Following the filing of a joint motion for approval of a consent judgment, the Court entered a consent judgment in favor of the remaining Plaintiffs,[2] followed by a final judgment.  ECF No. 74, 75, 79.  Plaintiffs now seek an award of $87,581.00 in attorney's fees and $1,470.03 in costs from Defendants.  ECF No. 80.

## ANALYSIS

As an initial matter, it is undisputed that Plaintiffs are entitled to reasonable attorney's fees and costs.  It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the instant case, Plaintiffs are the prevailing party under the FLSA statute and are entitled to recover reasonable attorney's fees.  Defendants Verified Moving Pros, LLC,

---

[1] The motion for summary judgment was granted in favor of Andrea Grajeda and opt-in Plaintiffs Nicholas De Freitas, Christela Bianca Faustin, Bryan Robert, Amber Ashley Lee, and Javier Alexander Paulino-Pena.  ECF No. 71.
[2] Consent Judgment was entered in favor of opt-in Plaintiffs Long Trang, Alexandrea Jordan, and Donovan Leonard.  ECF No. 75.

2

and Donald Lina did not respond to Plaintiffs' motion and, therefore, did not contest or dispute Plaintiffs' entitlement to attorney's fees and costs.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.  *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the

outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. Attorney's Fees

1. Reasonable Hourly Rate

Plaintiffs seek attorney's fees based upon professional services rendered. Plaintiffs request an hourly rate ranging from $150 to $395 for counsel for 292.61 total hours of work. ECF No. 80. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors. *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

The undersigned finds *Hermosilla v. Coca-Cola Co.* to be instructive when considering the fees requested in the instant action. No. 10-21418-CIV-TORRES, 2011

4

WL 9364952, at *1 (S.D. Fla. July 15, 2011), *subsequently aff'd,* 492 F. App'x 73 (11th Cir. 2012).  Faced with a request for high hourly rates billed by multiple attorneys in a fee-shifting context, the *Hermosilla* court—Magistrate Judge Torres—noted the guiding principle articulated in *ACLU v. Barnes*, namely, that a "prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate."  *Id.* at *9 (quoting *Barnes*, 168 F.3d at 437).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Jordan Richards, lead counsel in this case and a partner with over ten years of experience, asks for $375 per hour for 20.11 hours.

- Michael Miller, a senior attorney with over fifteen years of experience, asks for $395 per hour for 97.55 hours.

- Jake Blumstein, an associate with over three years of experience, asks for $275 per hour for 121.39 hours.

- Ahava Livingstone, a third-year law student who previously worked as a paralegal, asks for $150 per hour for 24.43 hours.

- Sarah Schaefer, a newly hired associate who performed most of her work on this case while she was a third-year law student, asks for $150.00 per hour for 20.52 hours.

- Catherine Melo, a legal assistant, asks for $150 per hour for 7.11 hours.

- Patricia Simo, a legal assistant, asks for $150 per hour for 1.5 hours.

ECF No. 80.

As Defendants did not respond to Plaintiffs' motion for fees and costs, the rates provided are uncontested.  After the undersigned's order requiring notice of previously

awarded fees and costs, ECF No. 82, Plaintiffs' counsel provided relevant uncontested fee awards which indicate the proposed rates meet, or are slightly below, the rates previously awarded in the Southern District. ECF No. 83. "[P]aralegals in this District are typically granted an hourly rate of $150.00." *Venus Concept USA, Inc. v. Wilson*, No. 21-21656-CIV-MARTINEZ/BECERRA, 2024 WL 1077347, at *5 (S.D. Fla. Feb. 22, 2024), *report and recommendation adopted*, No. 21-21656-CIV, 2024 WL 1072396 (S.D. Fla. Mar. 12, 2024). Accordingly, the requested hourly rates are approved.

    2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

"If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection."

*Id.* Having examined the significant documentation of billed hours of work performed provided by Plaintiffs' counsel, the undersigned finds an across-the-board cut is not necessary.

### 3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiffs should be awarded $7,541.25 for the work of Jordan Richards ($375 per hour for 20.11 hours); $38,532.25 for the work of Michael Miller ($395 per hour for 97.55 hours); $33,382.25 for the work of Jake Blumstein ($275 per hour for 121.39 hours); $3,664.50 for the work of Ahava Livingstone ($150 per hour for 24.43 hours); $3,078.00 for the work of Sarah Schaefer ($150 per hour for 20.52 hours); $1,066.50 for the work of Catherine Melo ($150 per hour for 7.11 hours); and $225.00 for

the work of Patricia Simo ($150 per hour for 1.5 hours).  The total amount of fees recommended is $87,489.75.[3]

   B. Plaintiffs' Motion for Costs

Plaintiffs seek an award of $1,470.03 in costs, consisting of the $402 filing fee, $325.48 for service of summons to both defendants, and $742.55 for a transcript of the deposition of Defendant Donald Lina.  ECF No. 80.  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  A court "must have and state a sound basis" for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

The FLSA expressly provides for a plaintiff to recover costs.  29 U.S.C. § 216(b) ("The court in [an action under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  As explained above, Plaintiffs are the prevailing party in this case.  *See Madden v. Just Believe Recovery Ctr., LLC*, 391 F. Supp. 3d 1121, 1125 (S.D.

---

[3] The full requested award amount in Plaintiffs' motion for fees—$87,581.00—is incorrectly calculated based on the provided number of hours billed and requested hourly rates.  The requested award amount was seemingly based on calculations that produced figures that were too high for two attorneys and too low for a third.  Based on the number of hours provided in the motion, the total award figure is $87,489.75, just under $100 less than Plaintiffs' requested award.

Fla. 2019) (stating that the parties' settlement of FLSA claims gave the plaintiff prevailing-party status because the "settlement yielded either an award by the court of at least some relief on the merits of his claim or the judicial imprimatur of a change in the [parties'] legal relationship"). Thus, under the law Plaintiff should be allowed to recover costs.

Court filing fees are compensable as part of a costs award. 28 U.S.C. § 1920(1) (permitting a court to tax the fees paid to the clerk of court). "Service of process fees paid to a private process server are compensable as long as the amount does not exceed the cost of United States marshal service, which is $65 per hour for each item served." *Santiago v. Peacock's 17, LLC*, 22-62272-CIV-DIMITROULEAS/AUGUSTIN-BIRCH, 2024 WL 582880, at *2 (S.D. Fla. Jan. 29, 2024), *report and recommendation approved*, 22-62272-CIV-DIMITROULEAS, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024) (citing *Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CIV-TORRES, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019)).

Here, Plaintiffs requested reimbursement for service of two Defendants at a total cost of $325.48; in keeping with the current rate of the marshal service, that cost should be reduced to $130. ECF No. 80. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are also compensable. 28 U.S.C. § 1920(2). Plaintiffs seek $742.55 for the required use of a transcript of Defendant's deposition as the factual basis for their motion for summary judgment. ECF No. 80. The $402 for the court filing fee, the $130 for service of process fees, and $742.55 for the deposition transcript should be awarded to Plaintiff for a total of $1,274.55 in costs.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiffs' Verified Motion for Attorney's Fees and Costs, ECF No. 80, be GRANTED to the extent that Plaintiffs be awarded attorney's fees in the amount of $87,489.75 and costs in the amount of $1,274.55. The Motion should be otherwise DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 2nd day of May 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record